UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL GARRISON,

        Petitioner,        Case No. 14-14375

v.        HON. AVERN COHN

PAUL KLEE,

        Respondent.
_____/

## MEMORANDUM AND ORDER
## GRANTING PETITIONER'S MOTION TO AMEND PETITION (Doc. 8)
## AND
## DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY

### I. Introduction

This is a habeas case under 28 U.S.C. § 2254. Petitioner Michael Garrison, ("Petitioner"), is a state prisoner proceeding pro se. Petitioner challenges the Michigan Parole Board's decision to place him on parole on July 7, 2015, and not an earlier date which Petitioner says is due to his status as a Native American. Petitioner also filed a motion to amend the petition to add a claim that Michigan's parole laws violate the Supremacy Clause. The motion to amend is GRANTED. See Fed. R. Civ. P. 12(a)(c). The Court will consider the claims raised in the petition and as amended.

For the reasons that follow, the petition will be denied. The Court will also deny a certificate of appealability.

### II. Background

In July 2013, Petitioner pled no contest to a controlled substance offense in the Tuscola Circuit Court. While on probation for this offense, Petitioner pled no contest to

assaulting a police officer, fleeing and eluding, and possession of a firearm in the Washtenaw Circuit Court.  On March 3, 2014, Petitioner was sentenced to prison terms of 16-to-24 months for the assault and firearm offense, and 19-to-60 months for the fleeing and eluding offense.  On March 28, 2014, he was sentenced to a prison term of 1-to-8 years for his initial narcotics offense.

Petitioner was considered for parole for the first time on March 25, 2015.  The Parole Board issued a decision to parole Petitioner, with a projected parole date of July 7, 2015.

### III.  Discussion

#### A.  Equal Protection Claim

Petitioner asserts in conclusory fashion that his rights under the Equal Protection Clause of the Fifth and Fourteenth Amendments are being violated because "he is not being allowed to be released upon parole . . . after serving half of his minimum sentence based solely upon his nationality or place of origin."  Doc. 1, at p. 2.  This claim does not form the basis for habeas relief.

There is no constitutional right of a convicted person to be conditionally released before the expiration of a valid sentence.  Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 7 (1979); see also Board of Pardons v. Allen, 482 U.S. 369, 377, n. 8 (1987).  Simply stated, there is no federal constitutional right to be paroled.  Lee v. Withrow, 76 F. Supp. 2d 789, 792 (E.D. Mich. 1999).

However, the Equal Protection Clause of the Fourteenth Amendment prohibits states from "deny[ing] to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1.  To prevail on an equal protection claim a plaintiff

must adequately plead that the government treated him disparately as compared to similarly situated persons and that such disparate treatment either burdens a fundamental right, targets a suspect class, or has no rational basis. Ctr. for Bio—Ethical Reform v. Napolitano, 648 F.3d 365, 379 (6th Cir. 2011).

Petitioner makes only a vague allegation of discrimination based on his status as a Native American.  Petitioner does not allege how he or other Native American prisoners are being treated differently from similarly situated persons who are granted parole. Moreover, the parole board record simply notes that Petitioner was considered for and granted parole based on its own eligibility scoring system.  There is no indication that Petitioner's parole was delayed or affected in anyway due to his status as a Native American.  Accordingly, Petitioner's equal protection claim is without merit.

B.  Supremacy Clause Claim

Petitioner next argues that his parole order violates the Supremacy Clause because Michigan's parole law has been preempted by some unspecified act of Congress.  This claim also fails to provide grounds for habeas relief.

The Supreme Court has consistently recognized that a State law that conflicts with federal law is "without effect. " McCulloch v. Maryland, 17 U.S. 316, 4 Wheat. 316, 427, 4 L. Ed. 579 (1819).  Where federal law preempts State regulation, the States are disabled  from enforcing criminal statutes.  See, e.g., Pennsylvania v. Nelson, 350 U.S. 497 (1956) (reversing State conviction for sedition because Congress had preempted the field, even though State law was not inconsistent with federal act).  Because a preempted State law is a nullity, a prisoner may seek habeas relief based on a preemption theory. Corcoran v. Sullivan, 112 F.3d 836, 838 (7th Cir. 1997).

However, Petitioner's claim fails because he does not identify any Federal law that has preempted Michigan's parole law. As such, there can be no basis for habeas relief.

### III. Certificate of Appealability

Before Petitioner may appeal the Court's decision, a certificate of appealability (COA) must issue. In order to obtain a COA, Petitioner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Petitioner must show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition. Castro v. United States, 310 F.3d 900, 901 (6th Cir. 2002).

Here, jurists of reason would not debate the Court's conclusion that Petitioner is not entitled to habeas relief on his parole based claims. As such, he is not entitled to a COA.

### IV. Conclusion

Accordingly, for the reasons stated above, the petition is DENIED. A COA is also DENIED.

SO ORDERED.

    S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: June 11, 2015
    Detroit, MI

4

14-14375 Garrison v. Klee

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, June 11, 2015, by electronic and/or ordinary mail.

S/Sakne Chami
Case Manager, (313) 234-5160