UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL GARRISON,

                    Petitioner,                          Case No. 14-14375

v.                                                  HON. AVERN COHN

PAUL KLEE,

                    Respondent.
_____/

## <u>ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION (Doc. 16)</u>

I.

      This is a habeas case under 28 U.S.C. § 2254.  Petitioner Michael Garrison challenged the Michigan Parole Board's decision to place him on parole on July 7, 2015, and not an earlier date which Petitioner said is due to his status as a Native American. Petitioner also filed a motion to amend the petition to add a claim that Michigan's parole laws violate the Supremacy Clause.  On June 11, 2015, the Court granted Petitioner's motion to amend and denied the claims raised in the petition as amended.  (Doc. 14).

      Before the Court is Petitioner's motion for reconsideration.  (Doc. 16).  For the reasons that follow, the motion is DENIED.

II.

      E.D. Mich LR 7.1(h)(3) governs motions for reconsideration, providing in relevant part:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest or plain. Marketing Displays, Inc. v. Traffix Devices, Inc., 971 F. Supp. 262, 278 (E.D. Mich. 1997)(citing Webster's New World Dictionary 974 (3rd ed. 1988)).  A motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted.  Czajkowski v. Tindall & Associates, P.C., 967 F. Supp. 951, 952 (E.D. Mich. 1997).

III.

Petitioner has not satisfied this standard.  Petitioner contends that reconsideration is warranted because the Court denied his petition before Petitioner filed his reply.  The Court has received and read Petitioner's reply (Doc. 17).  Nothing in the reply convinces the Court that it erred in dismissing the petition.

As the Court explained, Petitioner asserted that his rights under the Equal Protection Clause of the Fifth and Fourteenth Amendments were violated because "he is not being allowed to be released upon parole . . . after serving half of his minimum sentence based solely upon his nationality or place of origin."  However, there is no constitutional right of a convicted person to be conditionally released before the expiration of a valid sentence.

Moreover, Petitioner made only a vague allegation of discrimination based on his status as a Native American.  Petitioner did not allege how he or other Native American prisoners are being treated differently from similarly situated persons who are granted parole.  There was no indication in the record that Petitioner's parole was delayed or affected in anyway due to his status as a Native American.

Finally, Petitioner's claims that his parole order violated the Supremacy Clause

2

lacks merit because he did not identify any Federal law that has preempted Michigan's

parole law.

      SO ORDERED.

S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated; July 1, 2015
      Detroit, Michigan